In the Matter of the Estate of CATHARINE LATZ, Deceased.

An order of General Term reversing an order of a Surrogate's Court which denied an application requiring an executrix of a deceased administrator to account for unadministered assets coming to her hands, and remitting the proceedings to the surrogate for an accounting as petitioned for, as it is not a final order, and is made in a special proceeding, is not reviewable here. (Code of Civ. Pro. § 190.)

(Submitted June 28, 1888; decided October 2, 1888.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 31, 1884, reversing an order of the surrogate of Erie county, the nature of which is stated in the *mem.* of opinion, which is as follows :

"Martin Clark, as administrator *de bonis non* of the estate of Catherine Latz, deceased, presented his petition to the surrogate praying for an order against the executrix of John Latz, deceased, administrator of said Catherine Latz, requiring her to account for the unadministered assets of said Catherine Latz remaining in the hands of such executrix. The executrix answered such petition and pleaded, among other things, the statute of limitations as a bar thereto. The facts upon which the defense was based were substantially admitted upon the hearing, and the surrogate decided that the statute was a bar to further proceedings. Upon appeal to the General Term that court reversed the order of the surrogate and directed that the proceedings be remitted to the surrogate for an accounting as demanded by the petition. This order is not a final order, and being made in a special proceeding is, therefore,

unappealable to this court. (Code of Civ. Pro., subd. 3, § 190; *Roe* v. *Boyle*, 81 N. Y. 305; *In re Whittlesey* v. *Hoguet*, 66 id. 358.) The question whether this proceeding is barred by the statute of limitations may be the subject of litigation upon the accounting, but whether so or not is immaterial upon the question of the powers of this court to review the order appealed from.

" The adjudication of the General Term was not final upon any question in the case.

" The appeal should, therefore, be dismissed, with costs."

*Jacob Stern* for appellant.

*Martin Clark* for respondent.

RUGER, Ch. J., reads for dismissal of appeal.
All concur.
Appeal dismissed.